IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| MAURINE F. PARKER, #02212994 | § | |
| VS. | § | CIVIL ACTION NO. 2:22cv029 |
| DIRECTOR, TDCJ-CID | § | |

### REPORT AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Petitioner Maurine Parker, a prisoner confined at the Crain Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this habeas action. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Court ordered Petitioner to submit an amended habeas corpus petition, on the standardized form, within thirty days of receipt in order to proceed with her petition, (Dkt. #24). The order specifically warned her that the failure to comply with the order may result in the dismissal of the case. Further, the docket reflects that Petitioner received a copy of the order, (Dkt. #25). To date, however, Petitioner has not filed an amended petition on the standardized form— and the period to do so has long elapsed. The Court notes that it ordered Petitioner to file an amended petition on the form at least twice, (Dkt. ##6, 24), and mailed blank forms to her so that she could easily comply. While Petitioner continues to file notices, letters, motions, and additional "petitions," she has not submitted any petition on the standardized form as ordered.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua*

1

*sponte*, without motion by a defendant."); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (explaining that a habeas petition may be dismissed pursuant to Rule 41(b)). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Petitioner failed to comply with two orders directing her to file an amended petition on the standardized form. Having filed this case in 2022, to date, Petitioner has still not submitted an amended petition in order to proceed with her case. Petitioner's failure to comply is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Petitioner's failure to comply with an order of the Court. The Court further recommends that Petitioner be denied a certificate of appealability, *sua sponte*—which refers to this case only and would not prevent refiling.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 13th day of November, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE